In re VALERO ENERGY CORPORA-
TION, Valero Management Company,
VMGA Company, VNGC Holding Com-
pany, Valero Natural Gas Company, Va-
lero Eastex Pipeline Company, Valero
Transmission Company, Valero Gas
Marketing Company, Valero Gas Stor-
age Company, et al., Relators.

No. 97–0307.

Supreme Court of Texas.

May 8, 1998.

Andrew M. Edison, J. Clifford Gunter, III,
Martin E. Loeber, Gayle A. Boone, Houston.

Craig B. Glidden, Philip A. Lionberger,
David A. Pluchinsky, Donald B. McFall, Tim-
othy J. Hill, Houston.

PER CURIAM.

Valero Energy Corporation and others
bring this original action seeking a writ of
mandamus compelling the trial court to order
arbitration of all claims raised in the underly-
ing lawsuit. In that suit, Valero moved to
compel arbitration under both the Federal
Arbitration Act, 9 U.S.C. §§ 1–16, and the
Texas Arbitration Act, which is currently
found at TEX. CIV. PRAC. & REM.CODE
§§ 171.001–.098.[1] The trial court denied the
motion. Valero then sought review in the
court of appeals, filing a motion for leave to
file a petition for writ of mandamus based on
the federal act, and an interlocutory appeal
based on the state arbitration act. The court
of appeals overruled the motion for leave to
file, but stayed the trial court proceedings
pending resolution of the interlocutory ap-
peal. Thereafter, Valero filed a motion for
leave to file a petition for mandamus with
this Court.

By statute, a denial of a motion to compel
arbitration under the Texas Arbitration Act
is appealable. See TEX. CIV. PRAC. & REM.
CODE § 171.098. There is no similar provi-
sion for an appeal based on the federal act
when proceeding in the state courts. We
have held, however, that mandamus is appro-
priate when a state court erroneously denies
a motion to compel arbitration under the
federal scheme. See Jack B. Anglin Co. v.
Tipps, 842 S.W.2d 266, 271–72 (Tex.1992)
(orig.proceeding). We nevertheless decline
at this time to consider the issues presented
by Valero's motion because the outcome of
the proceedings in the court of appeals re-
garding the state arbitration claim may moot
the issue in this Court.

We note for future cases that the better
course of action for a court of appeals con-

---

1. Although Valero brought its action under for-
mer TEX. CIV. PRAC. & REM.CODE § 171.017, *see* Act of
May 26, 1995, 74th Leg., R.S., ch. 588, 1995 Tex.
Gen. Laws 3402, *deleted by* Act of May 8, 1997,
75th Leg., ch. 165, § 5.01, 1997 Tex. Gen. Laws

327, 329 *and recodified at* TEX. CIV. PRAC. & REM.
CODE § 171.098, no substantive changes were
made when the statute was amended in 1997.
For ease of reference, we cite to the current
version of the statute.

fronted with an interlocutory appeal and a mandamus proceeding seeking to compel arbitration would be to consolidate the two proceedings and render a decision disposing of both simultaneously, thereby conserving judicial resources and the resources of the parties. Accordingly, we dismiss the motion for leave to file without prejudice to its renewal.