**In re: MONY SECURITIES CORP., Relators.**

**Mony Securities Corp., Appellant,**

v.

**John Durham, Appellee.**

No. 13–02–185–CV.

Court of Appeals of Texas, Corpus Christi.

July 18, 2002.

D. Ferguson McNiel, III, Karl Stern, Bruce A. Blefeld, Michael C. Holmes, Vinson & Elkins, Houston, J.A. 'Tony' Canales, Canales & Simoonson, P.C., Corpus Christi, for Appellant.

Corbet F. Bryant, Cathy L. Altman, Carrington, Coleman, et al., Dallas, Anthony F. Constant, Attorney At Law, Corpus Christi, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

YANEZ, Justice.

In these consolidated proceedings, MONY Securities Corporation complains of the trial court's denial of its motion to compel arbitration and to stay litigation, which invoked the Federal Arbitration Act (FAA).[1] We dismiss MONY's interlocutory appeal, but conditionally grant their request for mandamus relief.

## BACKGROUND

In 1995, John Durham opened an investment account with MONY, for the purposes of buying and selling financial securities. Included in the new account form which Durham signed, is an agreement to arbitrate any controversy between Durham and MONY. On November 30, 1998, Durham filed suit against MONY and Mark Kemp, a broker formerly associated with MONY, for damages resulting from misrepresentations made in connection with the sale of stock to Durham. Durham's petition raised claims of common law fraud, violations of the Texas Securities Act,[2] negligence, statutory fraud, and civil conspiracy. In December 1998, MONY answered the lawsuit and paid a jury fee. Thereafter, between 1999 and 2001, MONY engaged in discovery by serving requests for disclosure, one set of requests for production, and one set of interrogatories on Durham. Additionally, depositions of several employees and rep-

---

1. 9 U.S.C. §§ 1–16 (2000).

2. TEX. REV. CIV. STAT. ANN. arts. 581–1 to 581–43 (Vernon 1964 & Supp.2002).

resentatives of MONY were taken in a related case and a notice of those depositions for use in Durham's case was also served.

On August 8, 2001, the trial court held a telephonic docket control conference and the case was set for trial on the jury docket for April 22, 2002. On August 17, 2001, MONY filed a motion to compel arbitration and stay Durham's claims against MONY. The trial court denied MONY's motion without prejudice to the refiling of same, noting that MONY had not provided a complete copy of the arbitration agreement. On October 15, 2001, MONY filed a motion for reconsideration of its motion to compel arbitration, and provided the trial court with a complete copy of the arbitration agreement. On March 8, 2002, the trial court denied MONY's motion for reconsideration. On March 27, 2002, MONY timely perfected an interlocutory appeal, and on April 1, it filed a petition for writ of mandamus with this Court. Thereafter, on April 15, 2002, Durham filed his response to MONY's petition for writ of mandamus. Additionally, all briefing has been completed in the interlocutory appeal. After considering the briefs and filings of both parties, we have determined that oral argument would not significantly aid the Court in determining the legal and factual issues presented in this appeal. TEX. R. APP. P. 39.8.

## APPROPRIATE REMEDY

■ When an arbitration agreement is governed by the Texas Arbitration Act,[3] a trial court's order denying a motion to compel arbitration may be reviewed by interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1) (Vernon Supp.2002). However, mandamus is the appropriate remedy when a trial court improperly denies a motion to com-

pel arbitration pursuant to the FAA. *EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 91 (Tex.1996); *J.M. Davidson, Inc. v. Webster,* 49 S.W.3d 507, 510 (Tex.App.-Corpus Christi 2001, orig. proceeding). The arbitration agreement in the present case does not specifically invoke either the FAA or the Texas Arbitration Act, and the trial court made no finding as to which act applies.

■ The FAA governs an arbitration agreement contained in "a contract evidencing a transaction involving commerce . . . ." 9 U.S.C. § 2 (2000). This statute has been interpreted as being coextensive with the reach of the Commerce Clause of the United States Constitution. *Allied–Bruce Terminix Co. v. Dobson,* 513 U.S. 265, 272–81, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995); *In re L & L Kempwood Assocs.,* 9 S.W.3d 125, 127 (Tex.1999) (per curiam). A contract "evidences a transaction involving commerce" if it involves interstate commerce. *Allied–Bruce,* 513 U.S. at 277–81, 115 S.Ct. 834.

In the instant case, Durham signed a customer agreement and disclosure statement, contained in the new account form, which included, *inter alia,* an arbitration agreement. In said customer agreement, Durham also appointed MONY as his agent for the purpose of carrying out his directions with respect to the sale or purchase of securities. The agreement further provided that Durham understood and agreed that MONY could use its discretion in deciding in which market to enter Durham's orders for securities. Finally, the record reflects that MONY is a New York corporation, while Durham and Kemp are residents of Texas.

We find that MONY met its burden to show that the customer agreement be-

---

**3.** TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001—171.098 (Vernon Supp.2002).

tween MONY and Durham relating to securities transactions evidenced a "transaction involving commerce" as that phrase has been judicially defined and interpreted. *See Allied–Bruce*, 513 U.S. at 281, 115 S.Ct. 834. The contract in *Allied–Bruce* evidenced a transaction involving interstate commerce, in part, because the parties resided in different states. *Id.* at 282, 115 S.Ct. 834. The parties to the contract in the instant case also reside in different states—New York and Texas—and the purchase and sale of securities was to be done in various markets by a Texas broker and a New York corporation for a Texas customer. The contract here thus involves interstate commerce.[4] *See Kempwood*, 9 S.W.3d at 127 (holding that arbitration agreement involved interstate commerce where renovation work on Houston apartments was to be done by a Texas business for Georgia owners); *see also Capital Income Props.-LXXX v. Blackmon*, 843 S.W.2d 22, 23 (Tex.1992) (per curiam) ("The undisputed facts of this case establish the applicability of the [FAA]: citizens from a number of different states have purchased interests from a business entity in one state for the purpose of carrying out a commercial venture in another state."). Accordingly, we will address MONY's petition for writ of mandamus, and DISMISS its interlocutory appeal.

## REVIEW OF TRIAL COURT'S ORDER

MONY argues that the trial court abused its discretion in denying MONY's motion to compel arbitration. Durham responds that MONY's mandamus request must be denied because MONY has waived arbitration.[5] Specifically, Durham argues that arbitration was waived because MONY substantially invoked the judicial process, and arbitration, at this late date, would prejudice Durham.

■■■ "A party seeking to compel arbitration must establish the existence of an arbitration agreement and show that the claims raised fall within the scope of that agreement." *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999) (per curiam); *Davidson*, 49 S.W.3d at 511. Once a party establishes a claim within the scope of the arbitration agreement, the trial court must compel arbitration and stay its own proceedings, unless the party opposing arbitration meets its burden of presenting evidence that prevents enforcement. *Oakwood*, 987 S.W.2d at 573; *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex.1996) (per curiam).

■■■ Whether a party's conduct waives its arbitration rights under the FAA is a question of law. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 703 (Tex. 1998). There exists a strong presumption against the waiver of contractual arbitration rights. *Id.* at 704; *Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995). The party seeking to prove waiver bears a "heavy burden of proof" to establish waiver of arbitration rights. *See In re Bruce Terminix Co.*, 988 S.W.2d at 705. "Waiver of an arbitration right must be intentional." *EZ Pawn Corp.*, 934 S.W.2d

---

4. Durham does not controvert MONY's evidence regarding interstate commerce.

5. Durham does not argue that MONY failed to meet its initial burden of proving that an arbitration agreement exists and that the underlying claims fall within the scope of the agreement. Indeed, in the trial court, Durham's counsel stated that "the sole issue is whether there was waiver." The arbitration agreement in the present case provides that "any controversy between the parties arising out of...this agreement shall be submitted to arbitration...." Accordingly, we find that MONY has established that a valid arbitration agreement does exist and that Durham's claims fall within the scope of the agreement.

at 89. A party's actions may be sufficient to imply waiver, but the facts must demonstrate that the party invoking arbitration intended to waive its arbitration right. *Id.* "Waiver in cases where litigation has begun will be found only when the party seeking to enforce the agreement substantially invokes the judicial process to the other party's detriment." *Id.* Furthermore, absent an agreement to the contrary, "a party against whom a claim is asserted does not waive its right to arbitrate by failing to initiate arbitration of that claim." *In re Bruce Terminix,* 988 S.W.2d at 706.

Accordingly, in order to establish waiver of arbitration in the present case, Durham was required to prove that MONY substantially invoked the judicial process, *and* that Durham suffered prejudice as a result thereof. *Id.* at 704; *Prudential Sec.,* 909 S.W.2d at 898–99. The type of "prejudice" the courts focus on is the use of the judicial process by one party to access information that is not discoverable in arbitration. *In re Bruce Terminix,* 988 S.W.2d at 704 (citing *Walker v. J.C. Bradford & Co.,* 938 F.2d 575, 578 n. 3 (5th Cir.1991)). The rule is that "when only a minimal amount of discovery has been conducted, which may also be useful for the purpose of arbitration, the court should not ordinarily infer waiver based upon prejudice." *Id.* (quoting *Tenneco Resins, Inc. v. Davy Int'l,* 770 F.2d 416, 421 (5th Cir.1985)); *In re Nasr,* 50 S.W.3d 23, 27 (Tex.App.-Beaumont 2001, orig. proceeding).

In the instant case, the record before us indicates that Durham responded to one set of interrogatories, one set of requests for disclosure, and one set of requests for production. Additionally, the record reveals that depositions of five of MONY's employees or representatives were noticed. Durham argues that he was prejudiced by this discovery because he provided MONY with specific factual information concerning his claims against MONY. Durham contends that MONY would not have been able to obtain this information through the limited discovery procedures allowed in arbitration.

The arbitration agreement in the present case provides that arbitration is to be conducted under the provisions of the Code of Arbitration Procedures of the National Association of Securities Dealers, Inc., ("NASD"). NASD is a private, independent, self-regulating organization. *Cantella,* 924 S.W.2d at 945 (citing *Mueske v. Piper, Jaffray & Hopwood, Inc.,* 260 Mont. 207, 859 P.2d 444, 448–49 (1993)). NASD's rules are reviewed and approved by the Securities and Exchange Commission ("SEC"). 15 U.S.C. § 78o–3 (2000); *Cantella & Co.,* 924 S.W.2d at 945. The SEC has approved rules which formalize discovery and provide arbitrators with a discovery guide in NASD arbitrations. Self-Regulatory Organizations, Exchange Act Release No. 34–41822, 64 Fed.Reg. 49256 (September 2, 1999); Self-Regulatory Organizations, Exchange Act Release No. 34–26805, 54 Fed.Reg. 21144 (May 16, 1989); *see also Russo v. Simmons,* 723 F.Supp. 220, 223 (S.D.N.Y.1989). Under current NASD rules, parties may depose witnesses, request documents, and request information. *See* NASD Code of Arbitration Procedure Rule 10213 (providing for pre-hearing depositions), & 10321(a) (providing for requests for documents and request for information). Further, the involvement of the arbitrator and the use of a prehearing conference contemplates that all relevant material will be exchanged. 54 Fed.Reg. at 21149–50; NASD Code of Arbitration Procedure Rule 10321. We find that the information gathered by MONY, through its discovery requests, would likely be discoverable under NASD's arbitra-

tion rules. Accordingly, we find that Durham was not prejudiced through MONY's discovery requests.

With regard to the depositions which were taken, we recognize that depositions are discouraged under the NASD Discovery Guide, and therefore, MONY's opportunity to take depositions in the arbitration proceedings would likely be limited. However, we note that the depositions of MONY's employees and representatives were noticed by Durham's counsel. Durham has not demonstrated how he has been prejudiced by his examination of MONY's representatives.[6] Accordingly, we find that Durham's deposing of MONY's employees is insufficient to infer waiver of MONY's arbitration rights. *In re Bruce Terminix*, 988 S.W.2d at 704.

Durham also contends that MONY substantially invoked the judicial process, to Durham's detriment, by requesting that Durham amend his pleadings, and by paying the jury fee. We disagree. MONY did not file any special exceptions with the trial court. Instead, counsel for MONY asked Durham to amend his petition, and represented it would file special exceptions only if Durham did not comply. Durham voluntarily amended his pleadings. We find that MONY's actions, in this regard, do not constitute an invocation of the judicial process. However, MONY did pay the jury fee in the present case, which is inconsistent with its right to arbitrate. *Nationwide of Bryan, Inc. v. Dyer*, 969 S.W.2d 518, 522 (Tex.App.-Austin 1998, no pet.). Notwithstanding MONY's payment of the jury fee, Durham has failed to show how this action has prejudiced him. Accordingly, we find

that MONY's payment of the jury fee is insufficient to infer waiver of arbitration rights. *In re Bruce Terminix*, 988 S.W.2d at 704.

Finally, Durham contends that he will be prejudiced if arbitration is compelled at this point in the judicial process because, "the parties will lose the opportunity to have this case resolved ... in the near future." In essence, Durham contends that he has been prejudiced by MONY's delay in seeking arbitration. We disagree. Durham has failed to produce any evidence of prejudice resulting from the delay; instead, Durham relies solely on the length of delay as a basis for inferring waiver. "A party does not waive a right to arbitration merely by delay; instead, the party urging waiver must establish that any delay resulted in prejudice." *Prudential Sec.*, 909 S.W.2d at 898–99. We find that Durham has failed to meet his burden of showing prejudice resulting from the delay.

In light of the preceding analysis, we find that Durham has failed to demonstrate that MONY substantially invoked the judicial process to Durham's detriment. *EZ Pawn*, 934 S.W.2d at 89. We conclude that the trial court abused its discretion by denying MONY's motion to compel arbitration and to stay litigation. "A party erroneously denied the right to arbitrate under the FAA has no adequate remedy on appeal, and mandamus relief is appropriate." *Oakwood*, 987 S.W.2d at 574–75. Accordingly, we CONDITIONALLY GRANT the petition for writ of mandamus. We are confident that the trial court will grant MONY's motions to

---

**6.** Furthermore, the record does not contain the deposition testimony. The fact that depositions were taken, without proof of how this prejudiced Durham, will not be held to be a substantial invocation of the judicial process.

*In re Nasr*, 50 S.W.3d 23, 27 n. 3 (Tex.App.-Beaumont 2001, orig. proceeding) (citing *General Guar. Ins. Co. v. New Orleans Gen. Agency, Inc.*, 427 F.2d 924, 928–30 (5th Cir. 1970)).

stay the proceedings and compel arbitration. We will instruct the Clerk to issue the writ only if the trial court fails to do so.