**H & R BLOCK FINANCIAL ADVISORS, INC., and Robert Bullock, Appellants,**

v.

**Robert BONDS and Gilda Bonds, Appellees.**

**In re H & R Block Financial Advisors, Inc., and Robert Bullock, Relators.**

**Nos. 13–03–00289–CV, 13–03–00313–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Nov. 6, 2003.

Sean M. Higgins, Christian F. Johnson, Brown, McCarroll, L.L.P., Houston, for appellants.

Daniel Keith Worthington and Lisa Powell, Atlas & Hall, McAllen, for appellees.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## MEMORANDUM OPINION

Opinion by Justice YAÑEZ.

On May 19, 2003, in Cause No. 13–03–00289–CV, appellants, H & R Block Financial Advisors, Inc., and Robert Bullock, appealed the trial court's April 21, 2003 order in cause number C–2020–02–D in the 206th District Court in Hidalgo County, Texas, styled *Robert Bonds and Gilda Bonds v. H & R Block Financial Advisors, Inc. and Robert Bullock*, denying appellants' motion to stay proceedings and compel arbitration under the Federal Arbitration Act and the Texas General Arbitration Act.

On May 30, 2003, Relators, H & R Block Financial Advisors, Inc., and Robert Bullock, filed a petition for writ of mandamus in Cause No. 13–03–00313–CV, requesting this Court to direct the Respondent, the Honorable Rose Guerra Reyna, presiding judge of the 206th District Court of Hidalgo County, Texas, to: (1) withdraw her April 21, 2003 order denying Relators' motion to stay proceedings in the underlying lawsuit; and (2) enter an order compelling real parties-in-interest/appellees to arbitration.

On May 30, 2003, this Court ordered a response in Cause No. 13–03–00313–CV. On June 9, 2003, real parties-in-interest filed a response to relators' petition. On September 10, 2003, this Court heard oral argument in Cause Nos. 13–03–00289–CV and 13–03–00313–CV.

Given the nature of the petition for writ of mandamus and related appeal, this Court has concluded that these cases should be considered together.

■ Section 171.017 of the civil practice and remedies code permits an interlocutory appeal from an order denying an application to compel arbitration under the Texas Arbitration Act ("TAA"). *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.017(a)(1), 171.098(a)(1) (Vernon 1997 & Supp.2003). A party may not, however, appeal the denial of a motion to compel under the Federal Arbitration Act ("FAA"). *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992) (original proceeding); *Phillips v. ACS Mun. Brokers, Inc.*, 888 S.W.2d 872, 874 (Tex.App.-Dallas 1994, no writ) ("Texas courts have no jurisdiction to review an interlocutory order denying arbitration under the Federal Act."); *D. Wilson Constr. Co. v. McAllen Indep. Sch. Dist.*, 848 S.W.2d 226, 228 (Tex.App.-Corpus Christi 1992, writ dism'd w.o.j.) (same).

■ Mandamus, not interlocutory appeal, is the proper means for reviewing an order denying arbitration under the FAA. *In re Valero Energy Corp.*, 968 S.W.2d 916, 916 (Tex.1998) (citing *Anglin*, 842 S.W.2d at 271–72); *In re MONY Secs. Corp.*, 83 S.W.3d 279, 282 (Tex.App.-Corpus Christi 2002, no pet.) (combined appeal and orig. proceeding); *Pennzoil v. Arnold Oil Co.*, 30 S.W.3d 494, 497 (Tex.App.-San Antonio 2000, orig. proceeding).

■ We conclude that the arbitration provision at issue in the cases before us evidences a "transaction involving commerce" and is subject to the FAA. *See In re MONY*, 83 S.W.3d at 282–83. Thus, we have no jurisdiction to consider appellants' interlocutory appeal. Accordingly, we DISMISS the interlocutory appeal in Cause No. 13–03–00289–CV for want of jurisdiction. *See id.* at 283.

Having reviewed the petition for writ of mandamus, response, and documents on file, this Court is of the opinion that the petition for writ of mandamus should be denied.

Relators' petition for writ of mandamus in Cause No. 13–03–00313–CV is hereby DENIED.