MONY SECURITIES CORP., et al., Appellants,

v.

Rogelio PADILLA, Appellee.

No. 13–02–711–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

April 1, 2004.

J.A. 'Tony' Canales, Canales & Simonson, P.C., Thomas L. Busby, Corpus Christi, Bruce A. Blefeld, Michael C. Holmes, Ba M. Nguyen, Vinson & Elkins, Houston, for Appellants.

Bradford Klager, Douglas A. Allison, Law Offices of Douglas A. Allison, Corpus Christi, Adam Poncio, Law Offices of Cerda & Ponci, San Antonio, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice YAÑEZ.

Appellants (collectively, "MONY")[1] bring this accelerated appeal from an interlocutory order denying their motion to compel arbitration. We dismiss the appeal for want of jurisdiction.

### Jurisdiction

■ We must first address whether we have jurisdiction to consider this interlocutory appeal. An order denying a motion to compel arbitration is interlocutory. Interlocutory orders may be appealed only if permitted by statute. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Section 171.017 of the civil practice and remedies code permits an interlocutory appeal from an order denying an application to compel arbitration under the Texas Arbitration Act ("TAA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.017(a)(1), 171.098(a)(1) (Vernon 1997 & Supp.2004).

■ A party may not, however, appeal the denial of a motion to compel under the Federal Arbitration Act ("FAA"). *See Anglin*, 842 S.W.2d at 272; *Phillips v. ACS Mun. Brokers, Inc.*, 888 S.W.2d 872, 874 (Tex.App.-Dallas 1994, no writ) ("Texas courts have no jurisdiction to review an interlocutory order denying arbitration under the Federal Act."); *D. Wilson Constr. Co. v. McAllen Indep. Sch. Dist.*, 848 S.W.2d 226, 228 (Tex.App.-Corpus Christi 1992, writ dism'd w.o.j.) (same). Mandamus, not interlocutory appeal, is the proper means for reviewing an order denying arbitration under the FAA.[2] *In re Valero Energy Corp.*, 968 S.W.2d 916, 916 (Tex. 1998) (citing *Anglin*, 842 S.W.2d at 271–

---

**1.** Appellants are MONY Securities Corp., RKPE, Inc., the MONY Group, Inc., MONY Benefits Management Corp., MONY Assets Corp., MONY Brokerage, Inc., MONY International Agency, Inc., MONY Realty Partners, Inc., 1740 Ventures, Inc., and The MONY Fund, Inc. (collectively, "MONY").

**2.** In a parallel proceeding, 13–02–712–CV, styled *In re Mony Securities Corp., et al.*, MONY previously filed a petition for writ of

mandamus in this Court seeking review of the denial of its motion to compel arbitration under the Federal Arbitration Act. In a *per curiam* order, a panel of this Court consisting of Justices Yañez, Castillo, and Garza denied the petition without opinion on January 9, 2003. *See* TEX.R.APP. P. 52.8(d) (when denying relief, court may hand down opinion but is not required to do so).

72); *In re MONY Secs. Corp. v. Durham,* 83 S.W.3d 279, 282 (Tex.App.-Corpus Christi 2002, no pet.) (combined appeal and orig. proceeding); *Pennzoil v. Arnold Oil Co.,* 30 S.W.3d 494, 497 (Tex.App.-San Antonio 2000, orig. proceeding).

As we noted in *In re MONY:*

The FAA governs an arbitration agreement contained in "a contract evidencing a transaction involving commerce...." 9 U.S.C. § 2 (2000). This statute has been interpreted as being coextensive with the reach of the Commerce Clause of the United States Constitution. *Allied–Bruce Terminix Co. v. Dobson,* 513 U.S. 265, 272–81 [115 S.Ct. 834, 130 L.Ed.2d 753] (1995); *In re L & L Kempwood Assocs.,* 9 S.W.3d 125, 127 (Tex. 1999) (per curiam). A contract "evidences a transaction involving commerce" if it involves interstate commerce. *Allied–Bruce,* 513 U.S. at 277–81 [115 S.Ct. 834].

*In re MONY,* 83 S.W.3d at 282.[3]

The arbitration provision at issue in the instant case is contained in MONY's New Account Form. This Court has previously held that the arbitration provision contained in MONY's New Account Form evidences a "transaction involving commerce" and is subject to the FAA. *See id.* at 282–83. Moreover, at the hearing on MONY's motion to compel arbitration, MONY's counsel noted that it is undisputed that the arbitration provision at issue is governed by the FAA.

In her dissent, Justice Castillo asserts that this Court's "refusal to grant mandamus relief under the FAA does not preclude exercise of our jurisdiction to review and consider this interlocutory appeal under the TGAA." In support, the dissent cites *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227 n. 1 (2003), and suggests that review under the TGAA may be appropriate when a party seeking to compel arbitration fails to file a parallel mandamus proceeding under the FAA. In *Davidson,* however, the party seeking to compel arbitration did not dispute that the TGAA governed the provision at issue. *See id.* In the present case, the parties do not dispute that the arbitration provision is governed by the FAA. *Davidson* offers no support for the dissent's assertion that we may review this appeal under the TGAA.[4]

We hold that we have no jurisdiction to consider this interlocutory appeal. Accordingly, we DISMISS the appeal for want of jurisdiction. *See In re MONY,* 83 S.W.3d at 283; *Pennzoil,* 30 S.W.3d at 498.

Dissenting Opinion by Justice CASTILLO.

Dissenting Opinion by Justice CASTILLO.

I respectfully dissent. The threshold question is our jurisdiction to review the

---

**3.** We note that *In re MONY Secs. Corp. v. Durham,* 83 S.W.3d 279, 282 (Tex.App.-Corpus Christi 2002, no pet.) (combined appeal and orig. proceeding), is not the parallel proceeding in the instant case.

**4.** In a recent opinion concurring in part and dissenting in part to the supreme court's denial of petitions for writ of mandamus in several medical malpractice cases, Justice Owen noted that mandamus relief is necessary in arbitration cases under the FAA to "fill th[e] gap in appellate jurisdiction" caused by the absence of relief by interlocutory appeal in such cases. *See In re Woman's Hosp. of Tex., Inc.,* —— S.W.3d ——, ——, No. 02–0748, 47 Tex. Sup.Ct. J. 346, 2004 WL 422583, * 3 (Tex. March 5, 2004) (concurring in part and dissenting in part to denial of petitions for writ of mandamus). If appellate courts were free, as Justice Castillo suggests, to simply review arbitration disputes governed by the FAA by interlocutory appeal under the TGAA, it would be unnecessary to rely on mandamus relief "to fill th[e] gap in appellate jurisdiction." *See id.*

appeal of a denial of a motion to compel arbitration under the Texas General Arbitration Act (the "TGAA").[1] Litigants who allege entitlement to arbitration under the Federal Arbitration Act (the "FAA")[2] or, in the alternative, under the TGAA, are burdened with the need to pursue parallel proceedings—a writ of mandamus from the trial court's denial under the FAA and an interlocutory appeal under the TGAA. *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992) (orig. proceeding). Where the parties designate in the arbitration agreement which statutory scheme controls, the trial court applies that choice. *See D. Wilson Constr. Co. v. Cris Equip. Co.,* 988 S.W.2d 388, 392 (Tex. App.-Corpus Christi 1999, orig. proceeding) (op. on reh'g). The disputed arbitration agreement here does not reference either the FAA or the TGAA. Mony filed parallel proceedings. *See EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 88 (Tex.1996) (orig. proceeding) (per curiam); *see also D. Wilson Constr. Co.,* 988 S.W.2d at 391. We did not consolidate the two proceedings and render a decision disposing of both simultaneously. *See In re Valero Energy Corp.,* 968 S.W.2d 916, 917 (Tex. 1998) (orig. proceeding). Rather, as the majority notes, we first denied mandamus relief. However, we denied mandamus relief without holding that the FAA controls the disputed arbitration agreement.[3] The majority then dismisses this parallel interlocutory appeal for want of jurisdiction. The result is that this Court does not address the merits of the case under either statutory scheme. On this record, I would

hold that our refusal to grant mandamus relief under the FAA does not preclude exercise of our jurisdiction to review and consider this interlocutory appeal under the TGAA. *See J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 231 n. 2 (Tex. 2003) (deciding case under TGAA when appellant had not filed parallel mandamus proceeding under the FAA). I then would determine if Mony met its burden to prove entitlement to enforcement of the parties' arbitration agreement under Texas law. *See Webster,* 128 S.W.3d at 227–228; *see also Perlstein v. D. Steller 3, Ltd.,* 109 S.W.3d 36, 44 (Tex.App.-Corpus Christi 2003, pet. ref'd) (Castillo, J., dissenting).

---

1. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 171.001–171.098 (Vernon 1997 & Supp. 2004).

2. *See* 9 U.S.C. § 1–307 (2003).

3. I note, in the absence of any preclusive effect of our unspecified refusal to grant relief

in the parallel mandamus proceeding, that the majority cites to application by this Court of the FAA to an arbitration agreement at issue in an unrelated case. *See* Majority Op. at 203 (citing *MONY Secs. Corp. v. Durham,* 83 S.W.3d 279, 282 (Tex.App.-Corpus Christi 2002, no pet.) (combined appeal and orig. proceeding)).