v02711.cp1










 

 


NUMBER 13-02-711-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

MONY SECURITIES CORP.,
ET AL.,                                                                                 Appellants,

v.
 
ROGELIO PADILLA,                                                                   Appellee.
                                                                                                                                      

On appeal from the County Court at Law No. 1 
of Nueces County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Yañez
 

          Appellants (collectively, “MONY”)


 bring this accelerated appeal from an
interlocutory order denying their motion to compel arbitration. We dismiss the appeal for
want of jurisdiction. 
Jurisdiction 
          We must first address whether we have jurisdiction to consider this interlocutory
appeal. An order denying a motion to compel arbitration is interlocutory. Interlocutory
orders may be appealed only if permitted by statute. Jack B. Anglin Co. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Section 171.017 of the civil practice and
remedies code permits an interlocutory appeal from an order denying an application to
compel arbitration under the Texas Arbitration Act (“TAA”). See Tex. Civ. Prac. & Rem.
Code Ann. §§ 171.017(a)(1), 171.098(a)(1) (Vernon 1997 & Supp. 2004). 
          A party may not, however, appeal the denial of a motion to compel under the
Federal Arbitration Act (“FAA”). See Anglin, 842 S.W.2d at 272; Phillips v. ACS Mun.
Brokers, Inc., 888 S.W.2d 872, 874 (Tex. App.–Dallas 1994, no writ) (“Texas courts have
no jurisdiction to review an interlocutory order denying arbitration under the Federal Act.”);
D. Wilson Constr. Co. v. McAllen Indep. Sch. Dist., 848 S.W.2d 226, 228 (Tex.
App.–Corpus Christi 1992, writ dism’d w.o.j.) (same). Mandamus, not interlocutory appeal,
is the proper means for reviewing an order denying arbitration under the FAA.


 In re Valero
Energy Corp., 969 S.W.2d 916, 916 (Tex. 1998) (citing Anglin, 842 S.W.2d at 271-72); In
re MONY Secs. Corp. v. Durham, 83 S.W.3d 279, 282 (Tex. App.–Corpus Christi 2002, no
pet.) (combined appeal and orig. proceeding); Pennzoil v. Arnold Oil Co., 30 S.W.3d 494,
497 (Tex. App.–San Antonio 2000, orig. proceeding). 
          As we noted in In re MONY:
The FAA governs an arbitration agreement contained in “a contract
evidencing a transaction involving commerce . . . .” 9 U.S.C. §2 (2000). This
statute has been interpreted as being coextensive with the reach of the
Commerce Clause of the United States Constitution. Allied-Bruce Terminix
Co. v. Dobson, 513 U.S. 265, 272-81 (1995); In re L & L Kempwood Assocs.,
9 S.W.3d 125, 127 (Tex. 1999) (per curiam). A contract “evidences a
transaction involving commerce” if it involves interstate commerce. Allied-Bruce, 513 U.S. at 277-81.
 
In re MONY, 83 S.W.3d at 282.


 
          The arbitration provision at issue in the instant case is contained in MONY’s New
Account Form. This Court has previously held that the arbitration provision contained in
MONY’s New Account Form evidences a “transaction involving commerce” and is subject
to the FAA. See id. at 282-83. Moreover, at the hearing on MONY’s motion to compel
arbitration, MONY’s counsel noted that it is undisputed that the arbitration provision at
issue is governed by the FAA. 
          In her dissent, Justice Castillo asserts that this Court’s “refusal to grant mandamus
relief under the FAA does not preclude exercise of our jurisdiction to review and consider
this interlocutory appeal under the TGAA.” In support, the dissent cites J.M. Davidson, Inc.
v. Webster, 47 Tex. Sup. Ct. J. 196, 2003 Tex. LEXIS 527 at *7 n.1 (Dec. 31, 2003), and
suggests that review under the TGAA may be appropriate when a party seeking to compel
arbitration fails to file a parallel mandamus proceeding under the FAA. In Davidson,
however, the party seeking to compel arbitration did not dispute that the TGAA governed
the provision at issue. See id. In the present case, the parties do not dispute that the
arbitration provision is governed by the FAA. Davidson offers no support for the dissent’s
assertion that we may review this appeal under the TGAA.


 
          We hold that we have no jurisdiction to consider this interlocutory appeal. 
Accordingly, we DISMISS the appeal for want of jurisdiction. See In re MONY, 83 S.W.3d
at 283; Pennzoil, 30 S.W.3d at 498.


                                                                                                             
                                                      LINDA REYNA YAÑEZ
                                                                Justice


Dissenting opinion by Justice Errlinda Castillo.


Opinion delivered and filed this the
1st day of April, 2004.


* * * * * * * * * *

 









NUMBER 13-02-711-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




MONY SECURITIES CORP., ET AL.,                                    Appellant,

v.

ROGELIO PADILLA,                                                            Appellee.




On appeal from the County Court at Law No. 1
of Nueces County, Texas.




DISSENTING OPINION

Before Justices Hinojosa, Yañez, and Castillo
Dissenting Opinion by Justice Castillo

         I respectfully dissent. The threshold question is our jurisdiction to review the
appeal of a denial of a motion to compel arbitration under the Texas General
Arbitration Act (the "TGAA").


 Litigants who allege entitlement to arbitration under
the Federal Arbitration Act (the "FAA")


 or, in the alternative, under the TGAA, are
burdened with the need to pursue parallel proceedings – a writ of mandamus from the
trial court's denial under the FAA and an interlocutory appeal under the TGAA. 
Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig.
proceeding). Where the parties designate in the arbitration agreement which statutory
scheme controls, the trial court applies that choice. See D. Wilson Constr. Co. v. Cris
Equip. Co., 988 S.W.2d 388, 392 (Tex. App.–Corpus Christi 1999, orig. proceeding)
(op. on reh'g). The disputed arbitration agreement here does not reference either the
FAA or the TGAA. Mony filed parallel proceedings. See EZ Pawn Corp. v. Mancias,
934 S.W.2d 87, 88 (Tex. 1996) (orig. proceeding) (per curiam); see also D. Wilson
Constr. Co., 988 S.W.2d at 391. We did not consolidate the two proceedings and
render a decision disposing of both simultaneously. See In re Valero Energy Corp.,
968 S.W.2d 916, 917-18 (Tex. 1998) (orig. proceeding). Rather, as the majority
notes, we first denied mandamus relief. However, we denied mandamus relief without
holding that the FAA controls the disputed arbitration agreement.


 The majority then
dismisses this parallel interlocutory appeal for want of jurisdiction. The result is that
this Court does not address the merits of the case under either statutory scheme. On
this record, I would hold that our refusal to grant mandamus relief under the FAA does
not preclude exercise of our jurisdiction to review and consider this interlocutory
appeal under the TGAA. See J.M. Davidson, Inc. v. Webster, No. 01-0774, 2003
Tex. LEXIS 527, at *7 n.2, 47 Tex. Sup. J. 196 (Tex. 2003) (deciding case under
TGAA when appellant had not filed parallel mandamus proceeding under the FAA). I
then would determine if Mony met its burden to prove entitlement to enforcement of
the parties' arbitration agreement under Texas law. See Webster, 2003 Tex.
LEXIS 527, at *9; see also Perlstein v. D. Steller 3, Ltd., 109 S.W.3d 36, 44 (Tex.
App.–Corpus Christi 2003, pet. ref’d) (Castillo, J., dissenting). 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice


Dissenting Opinion delivered and filed
this the 1st day of April, 2004.