Opinion issued April 8, 2004.








     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00674-CV




IN RE AUTONATION USA CORP.; AUTONATION, USA; AUTONATION,
INC.; AUTONATION, INC. A/K/A MERCEDES BENZ OF
HOUSTON–NORTH; HOUSTON AUTO IMPORTS NORTH, LTD.;
HOUSTON AUTO IMPORTS NORTH LTD. D/B/A MERCEDES BENZ OF
HOUSTON NORTH; AUTONATION INC., A/K/A MERCEDES BENZ OF
HOUSTON–GREENWAY; HOUSTON AUTO IMPORTS GREENWAY,
LTD. D/B/A MERCEDES BENZ OF HOUSTON–GREENWAY,
RELATORS




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION
          By mandamus, relators, AutoNation USA Corp.; AutoNation, USA;
AutoNation, Inc.; AutoNation, Inc. a/k/a Mercedes Benz of Houston–North; Houston
Auto Imports North, Ltd.; Houston Auto Imports North, Ltd. d/b/a Mercedes Benz
of Houston North; AutoNation Inc., a/k/a Mercedes Benz of Houston–Greenway; and
Houston Auto Imports Greenway, Ltd. d/b/a Mercedes Benz of Houston–Greenway
(collectively, “the AutoNation parties”), challenge an order denying the AutoNation
parties’ motion to compel arbitration and to stay proceedings of real party in interest,
Erika Green. We determine whether we have jurisdiction over the mandamus
proceeding or the accompanying interlocutory appeal. We dismiss the petition for
writ of mandamus for want of jurisdiction.
Background
          Green began working at the Mercedes-Benz of Houston—Greenway in October
1998 as Client Relations Manager. Park Place Motor Cars of Houston, Ltd. (Park
Place) owned the dealership at that time. On October 12, 1998, Green signed an
“Alternative Dispute Resolution Agreement” (the arbitration agreement) with Park
Place. The arbitration agreement covered all discrimination claims based on an
employee’s “race, color, religion, sex, or national origin.” 
          In 1999, Park Place sold the dealership’s assets to Houston Auto Imports
Greenway, Ltd. d/b/a Mercedes Benz of Houston—Greenway (HAIG). In November,
2000, Green was transferred to Mercedes Benz of Houston North dealership, owned
by Houston Auto Imports North, Ltd. (HAIN). Green claimed that she was
transferred pursuant to a settlement agreement based on a sexual-harrassment and
discrimination claim that she had made. Green stated that, after the transfer, she
continued to be ostracized, received a reduction in pay, and had conflicts with
management because of her earlier discrimination claim. Green was fired in October
2001. 
          On November 15, 2002, Green filed a lawsuit against the AutoNation parties
for race and gender discrimination, intentional infliction of emotional distress, breach
of contract, fraud, and other employment-related wrongs.


 The AutoNation parties
answered the lawsuit and filed a motion to compel arbitration under the arbitration
agreement. The trial court denied the AutoNation parties’ motion, and they perfected
this appeal.Interlocutory Appeal or Mandamus
          The trial court did not expressly determine whether the Texas General
Arbitration Act (TAA) or the Federal Arbitration Act (FAA) applied. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 171.001-.098 (Vernon 2003); 9 U.S.C. §§ 1-16 (2001). 
The method of review depends on which act applies. Mandamus is appropriate to
review an order denying arbitration when the FAA applies to the arbitration
agreement. See In re Valero Energy Corp., 968 S.W.2d 916, 916-17 (Tex. 1998);
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272-73 (Tex. 1992). Interlocutory
appeal is appropriate to review an order denying arbitration when the TAA applies. 
See Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1), (2) (Vernon Supp. 2004). 
The AutoNation parties stated that they filed both an interlocutory appeal and a
mandamus proceeding “out of an abundance of caution.” 
          The arbitration agreement in this case specifically refers to the TAA; it does not
mention the FAA. Section 10.1 of the arbitration agreement states, “Any proceeding
pursuant to the ADR Procedure shall be an arbitration proceeding subject to the Texas
General Arbitration Act.” Additionally, section 12.3 of the arbitration agreement
makes the following reference to the TAA:
Applicability of Arbitration Statute. The arbitration proceeding
shall be deemed an arbitration proceeding subject to the Texas General
Arbitration Act. If this ADR Procedure is in conflict with any
mandatory requirements of the Texas General Arbitration Act, the
statute shall govern. The Arbitrator shall have all powers granted to
arbitrators under the Texas General Arbitration Act.

Given the arbitration agreement’s express adoption of the TAA, we hold that this
agreement falls under the TAA. See In re Kellogg Brown & Root, 80 S.W.3d 611,
617 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding). Interlocutory appeal
is, thus, the appropriate method to review the order denying arbitration. See Tex.
Civ. Prac. & Rem. Code Ann. § 171.098(a)(1), (2). Accordingly, we dismiss the
petition for writ of mandamus. 
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks.