COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

13-04-641-CV

ALPHA MASONRY, INC.,                                                   Appellant,

v.
 
PETERSON CONSTRUCTION, INC.
AND CERVIS PLUMBING, INC.,                                          Appellees.
___________________________________________________________________

On appeal from the 370th District Court 
of Hidalgo County, Texas.
__________________________________________________________________

13-04-642-CV

IN RE: ALPHA MASONRY, INC.
___________________________________________________________________

On Petition for Writ of Mandamus.
__________________________________________________________________




13-04-643-CV

IN RE: OMEGA SYSTEMS
___________________________________________________________________

On Petition for Writ of Mandamus.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         On December 3, 2004, in cause number 13-04-641-CV, appellant Alpha
Masonry, Inc., appealed the trial court's order denying its motion to compel arbitration
or in the alternative to stay litigation.


 On December 7, 2004, relator Alpha Masonry
filed a petition for writ of mandamus in cause number 13-04-642-CV, requesting this
Court to direct respondent, the Honorable Noe Gonzalez, presiding judge of the 370th
District Court of Hidalgo County, Texas, to vacate his order denying Alpha Masonry's
motion to compel arbitration and to dismiss litigation or in the alternative, motion to
stay litigation and to compel arbitration of disputes between Alpha Masonry and real
parties in interest Peterson Construction, Inc., and Cervis Plumbing, Inc., and to
dismiss and/or stay the trial court proceedings as between Peterson Construction,
Cervis Plumbing and Alpha Masonry pending the resolution by arbitration. Alpha
Masonry also filed an emergency motion for temporary relief asking this Court to stay
all proceedings in the trial court until its petition for writ of mandamus and/or
interlocutory appeal have been decided.
         On December 7, 2004, in cause number 13-03-643-CV, relator Omega Systems
filed its petition for writ of mandamus asking this Court to require respondent to
vacate his order denying Omega Systems's motion to compel arbitration of disputes
between Peterson Construction and Omega Systems and to stay the trial court
proceedings as between Peterson Construction and Omega Systems pending resolution
by arbitration. Omega Systems also filed a motion for temporary relief requesting this
Court to issue a temporary stay order pending our resolution of its petition for writ of
mandamus.
         On December 8, 2004, we granted a stay of all proceedings until the petitions
for writ of mandamus and/or the interlocutory appeal had been decided. On December
9, 2004, the trial court, after reviewing the pleadings and our December 8, 2004,
order, severed all claims by or against Alpha Masonry and Omega Systems from the
remaining claims and docketed the severed action, styled Peterson Construction, Inc.,
Cervis Plumbing, Inc., and Wingate Inns International v. Alpha Masonry, Inc. and
Omega Systems, as cause number C-1895-02-G(2).
         Peterson Construction responded to the petitions for writ of mandamus and
requested that this Court (1) deny the petitions because it has been determined that
there is no enforceable arbitration provision in the general contract upon which the
subcontract is based, see Peterson Construction, Inc., v. Sungate Development, L.L.C.,
Nos. 13-03-525-CV, 13-03-653-CV, & 13-03-665-CV, 2003 Tex. App. LEXIS 9340,
at *4 (Tex. App.–Corpus Christi, October 30, 2003, combined orig. proceeding and
appeal, pets. for mandamus and for review denied); or (2) hold that the general
contract between Peterson Construction and Sungate Development, L.L.C., owner of
the project at issue and plaintiff in the underlying case,


 requires that they arbitrate
their disputes and issue the writ to enforce arbitration and stay the entire underlying
case pending arbitration. Both Alpha Masonry and Omega Systems replied arguing
that nothing in their subcontract with Peterson Construction directly or indirectly ties
the arbitrability of their disputes to the enforceability of the arbitration agreement
between Sungate Development and Peterson Construction. They assert that their right
to arbitrate arises from the subcontracts and is not dependent on the validity or
invalidity of defenses to arbitration of disputes between Sungate Development and
Peterson Construction. Peterson Construction's sur-reply re-urges its position that the
existence of an enforceable arbitration provision in the general conditions is a condition
precedent to any agreement to arbitrate with subcontractors.
         On December 28, 2004, appellant Alpha Masonry filed its brief in the
interlocutory appeal, arguing that the claims against Alpha Masonry should be ordered
to arbitration. Alpha Masonry asserts: (1) the trial court abused its discretion in
denying Alpha Masonry's Motion to compel arbitration; (2) arbitration of disputes was
provided for in the general contract; and (3) the existence of an enforceable arbitration
agreement as between Sungate Development and Peterson Construction is not a
condition precedent for arbitration of disputes under the subcontracts. Appellee
Peterson Construction responded on January 10, 2005 again urging that Alpha
Masonry is entitled to arbitration only if the arbitration clause in the general conditions
is enforceable against Sungate Development, as well as Peterson Construction.
         Given the nature of these petitions for writ of mandamus and the related appeal,
this Court has concluded that these cases should be considered together. See In re
Valero Energy Corp., 968 S.W.2d 916, 916-17 (Tex. 1998) (orig. proceeding) ("[T]he
better course of action for a court of appeals confronted with an interlocutory appeal
and a mandamus proceeding seeking to compel arbitration would be to consolidate the
two proceedings and render a decision disposing of both simultaneously . . . .").
         Interlocutory appeal is appropriate to review an order denying arbitration under
the Texas Arbitration Act (TAA). See Tex. Civ. Prac. & Rem. Code Ann. §§ 171.021,
171.098(a)(1) (Vernon Supp. 2004-2005). Mandamus is appropriate to review an
order denying arbitration when the Federal Arbitration Act (FAA) applies. In re Valero,
968 S.W.2d at 916 (citing Jack B. Anglin Co. v. Tipps, 842 S.W.2d 255, 272 (Tex.
1992) (orig. proceeding); In re MONY Secs. Corp. v. Durham, 83 S.W.3d 279, 282
(Tex. App.–Corpus Christi 2002, combined appeal and orig. proceeding). Consistent
with our determination in Peterson Construction, 2003 Tex. App. LEXIS 9340, at *3,
we conclude that the arbitration provisions at issue evidence a "transaction involving
commerce"


 and are subject to the FAA. See In re MONY, 83 S.W.3d at 282-83. 
Thus, mandamus is the appropriate vehicle for relief. See id. Accordingly, we
DISMISS the interlocutory appeal in cause number 13-04-641-CV for want of
jurisdiction. See id. at 283.
         "Mandamus will issue only to correct a clear abuse of discretion when there is
no adequate remedy by appeal." In re Redondo, 47 S.W.3d 655, 658 (Tex.
App.–Corpus Christi 2001, orig. proceeding). "A trial court abuses its discretion when
it does not follow guiding rules and principles and reaches an arbitrary and
unreasonable decision." Id.
         A party seeking to compel arbitration must (1) establish the existence of an
arbitration agreement and (2) show that the claims asserted fall within the scope of
that agreement. In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex.
1999) (orig. proceeding); In re C & H News Co., 133 S.W.3d 642, 645 (Tex.
App.–Corpus Christi 2003, orig. proceeding). Alpha Masonry and Omega Systems
entered into subcontracts with Peterson Construction. Both subcontracts expressly
required arbitration, but only "[i]f arbitration is provided for in the General Contract." 
         The referenced general contract is the agreement entered into by Peterson
Construction and Sungate Development. However, this Court, by denying Peterson
Construction's previously filed petition for writ of mandamus challenging the trial
court's denial of its motion to arbitrate claims made by Sungate Development, declined
to order arbitration under the general contract. See Peterson Construction, 2003 Tex.
App. LEXIS 9340, at *4.


 Likewise, we now decline to order arbitration between
Alpha Masonry, Omega Systems, and Peterson Construction. See, e.g., Howsam v.
Dean Witter Reynolds, Inc., 537 U.S. 79, 84-85 (2002) (question of whether particular
arbitration agreement binds parties to arbitrate is reserved for court); In re Neutral
Posture, Inc., 135 S.W.3d 725, 728 (Tex. App.–Houston [1st Dist.] 2003, orig.
proceeding) (same). The trial court did not abuse its discretion in denying the motions
to compel arbitration filed by Alpha Masonry and Omega Systems. See In re Oakwood
Mobile Homes, 987 S.W.2d at 573; see also Jack B. Anglin, 842 S.W.2d at 271;
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Therefore,
having reviewed the petitions for writ of mandamus, the responses and replies, and
other documents on file, this Court is of the opinion that the petitions for writ of
mandamus should be denied.
         Relator Alpha Masonry, Inc.'s petition for writ of mandamus in cause number
13-04-642-CV and relator Omega Systems, Inc.'s petition for writ of mandamus in
cause number 13-04-643-CV are hereby DENIED. We also lift the stay of proceedings
in respondent's court that was imposed by this Court's order of December 8, 2004. 
Furthermore, all motions not previously ruled on in this matter are, hereby, denied as
moot.
                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and 
filed this 18th day of January, 2005.