COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

NUMBER 13-04-184-CV

AMERICAN STANDARD AND
THE TRANE COMPANY, ET AL.,                                       Appellants,

v.

BROWNSVILLE INDEPENDENT 
SCHOOL DISTRICT,                                                           Appellee.
___________________________________________________________________

On appeal from the 357th District Court
of Cameron County, Texas.
__________________________________________________________________

NUMBER 13-04-333-CV

IN RE: D. WILSON CONSTRUCTION COMPANY, ET AL.
___________________________________________________________________

On Petition for Writ of Mandamus.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         This is an arbitration case that involves matters related to the construction of
Besteiro Middle School and Aiken Elementary School located in Brownsville, Texas. 
American Standard and The Trane Company (Trane), a sub-subcontractor, filed suit
against Brownsville Independent School District (BISD) seeking a temporary injunction
to preserve evidence in a personal injury lawsuit filed in another court; that suit
involves damages related to the construction of the schools in question. BISD
counterclaimed for defects and damages and filed third-party actions against various
parties, including general contractors, subcontractors and sub-subcontractors. Trane
and the third-party defendants filed motions to compel arbitration and for dismissal or
abatement of the suit pending arbitration.


 The Honorable Leonel Alejandro, presiding
judge of the 357th District Court, Cameron County, Texas, having reviewed the
motions, responses, replies, and the argument of counsel, denied the motions.


 Trane
and the third-party defendants now challenge the trial court's ruling. We dismiss the
interlocutory appeal for want of jurisdiction and deny the petition for writ of
mandamus.
         On June 29, 2004, in cause number 13-04-184-CV, appellants, American
Standard and The Trane Company, D. Wilson Construction Company, Sechrist-Hall
Company, Stotler Construction Company, Wrightway Construction, Inc., Rio
Mechanical, Inc., Zamora Engineering, Inc., Mac's Insulation, Inc. and Victoria Air
Conditioning LTD., appealed the trial court's order denying their motions to compel
arbitration.


 On June 29, 2004, relators, D. Wilson Construction Company, American
Standard and The Trane Company, Sechrist-Hall Company, Stotler Construction
Company, Wrightway Construction, Inc., Rio Mechanical, Inc., Victoria Air
Conditioning LTD., Zamora Engineering, Inc., and Mac's Insulation, Inc., filed a petition
for writ of mandamus in cause number 13-04-333-CV, requesting this Court to direct
respondent to vacate his order of March 23, 2004, denying relators' motions to
compel arbitration and for dismissal or abatement of the suit pending arbitration, and
to enter an order compelling BISD to arbitrate its disputes and relators' claims and stay
the underlying suit.
         BISD responded requesting the appeal be dismissed for want of jurisdiction
because the arbitration provision is governed by the Federal Arbitration Act (FAA). In
the mandamus proceeding, BISD asked this Court to deny the petition because the
contracts contain no arbitration language or contain language that is ambiguous as to
the agreement to arbitrate and, alternately, because Trane and Stotler Construction
Company waived their rights to arbitrate by their inconsistent actions; Trane by filing
this action and a cross-claim against BISD in the personal injury lawsuit, and Stotler
Construction Company by filing a cross-claim against BISD in the personal injury
lawsuit.
         Given the nature of these petitions for writ of mandamus and the related
interlocutory appeal, on July 9, 2004, this Court granted relators/appellants' motion
to consolidate the cases. We now render a decision disposing of both simultaneously. 
In re Valero Energy Corp., 968 S.W.2d 916, 916-17 (Tex. 1998) (orig. proceeding)
("[T]he better course of action for a court of appeals confronted with an interlocutory
appeal and a mandamus proceeding seeking to compel arbitration would be to
consolidate the two proceedings and render a decision disposing of both
simultaneously . . . .").
         Interlocutory appeal is appropriate to review an order denying arbitration under
the Texas Arbitration Act (TAA). See Tex. Civ. Prac. & Rem. Code Ann. §§ 171.021,
171.098(a)(1) (Vernon Supp. 2004-2005). Mandamus is appropriate to review an
order denying arbitration when the FAA applies. In re Valero, 968 S.W.2d at 916
(citing Jack B. Anglin Co. v. Tipps, 842 S.W.2d 255, 272 (Tex. 1992) (orig.
proceeding)); In re MONY Secs. Corp. v. Durham, 83 S.W.3d 279, 282 (Tex.
App.–Corpus Christi 2002, combined appeal and orig. proceeding). We conclude that
the arbitration provisions at issue evidence a "transaction involving commerce" and are
subject to the FAA.


 See In re MONY, 83 S.W.3d at 282-83. Thus, mandamus is the
appropriate vehicle for relief. See id. Accordingly, we DISMISS the interlocutory
appeal in cause number 13-04-641-CV for want of jurisdiction. See id. at 283.
         "Mandamus will issue only to correct a clear abuse of discretion when there is
no adequate remedy by appeal." In re Redondo, 47 S.W.3d 655, 658 (Tex.
App.–Corpus Christi 2001, orig. proceeding). "A trial court abuses its discretion when
it does not follow guiding rules and principles and reaches an arbitrary and
unreasonable decision." Id.
         A party seeking to compel arbitration must (1) establish the existence of an
arbitration agreement and (2) show that the claims asserted fall within the scope of
that agreement. In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex.
1999) (orig. proceeding); In re C & H News Co., 133 S.W.3d 642, 645 (Tex.
App.–Corpus Christi 2003, orig. proceeding). The trial court's determination of the
arbitration agreement's validity is a legal question subject to de novo review. J.M.
Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003); In re Kellogg Brown
& Root, 80 S.W.3d 611, 615 (Tex. App.–Houston [1st Dist.] 2002, orig. proceeding).
         In the instant case, BISD entered into a construction contract with D. Wilson
Construction Company for the construction of Besteiro Middle School and with Stotler
Construction Company for the construction of Aiken Elementary School. Appellees
contend there is no arbitration language in either the D. Wilson Construction Company
or the Stotler Construction Company general construction contracts with BISD. 
Moreover, appellees assert, and the trial court apparently determined, that the
contract's arbitration provision, if any, was ambiguous.
         The D. Wilson Construction Company contract and the Stotler Construction
Company contract do not contain specific arbitration language. The contracts do,
however, generally provide that the contractors "shall do everything required by [each
company's respective] Contract, the General Conditions of the Contract, Special
Conditions, Addenda, the Specifications, and the Drawings." The Stotler Construction
Company contract also sets out that BISD's "Supplementary Conditions" are
enumerated in the Project Manual.
         The above-referenced general conditions document is AIA Document A201
which contains paragraph 4.5, titled Arbitration. Subparagraph 4.5.1 identifies
controversies and claims subject to arbitration. However, BISD's supplementary
conditions specifically modified, changed, deleted from or added to subparagraph
4.5.1.
         Article 4.5.1.1 of the supplementary conditions provides:
Except as otherwise provided in this Contract, any dispute concerning a
question of fact arising under this contract, which is not disposed of by
agreement shall be decided by the Owner who shall reduce his decision
to writing and mail or otherwise furnish a copy thereof to the Contractor. 
The decision of the Owner shall be final and conclusive unless, within 30
days from the date of receipt of such copy, the Contractor mails or
otherwise furnishes to the owner a written appeal addressed to the
Superintendent, Brownsville Independent School District. If the decision
on the appeal is adverse, the Contractor may within 30 days make
further appeal to the Board of Trustees of the Brownsville Independent
School District whose decision shall be final and conclusive. In
connection with any opportunity to be heard and to offer evidence in
support of this appeal to a person or persons.

The supplementary conditions also provide that "[w]here a portion of the general
conditions is modified or deleted by these supplementary conditions, the unaltered
portions of the general conditions shall remain in effect."
         Assuming without determining that the contracts contain arbitration language,
the supplementary conditions create ambiguity. See In re Oakwood Mobile Homes,
Inc., 987 S.W.2d at 573; In re C & H News Co., 133 S.W.3d at 645. This Court
concludes the trial court did not abuse its discretion by denying the motions to compel
arbitration filed by appellants. See In re Oakwood Mobile Homes, 987 S.W.2d at 573;
see also Jack B. Anglin, 842 S.W.2d at 271; Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding). Therefore, having reviewed the petition for writ of
mandamus, the response, and other documents on file, this Court is of the opinion that
the petition for writ of mandamus should be denied.



          The petition for writ of mandamus filed by relators, D. Wilson Construction
Company, American Standard and The Trane Company, Sechrist-Hall Company, Stotler
Construction Company, Wrightway Construction, Inc., Rio Mechanical, Inc., Victoria
Air Conditioning LTD., Zamora Engineering, Inc., and Mac's Insulation, Inc., in cause
number 13-04-333-CV is hereby DENIED. Furthermore, all motions previously carried
with this case are, hereby, denied as moot.

                                                                                 NELDA V. RODRIGUEZ
                                                                                 Justice

Memorandum Opinion delivered and
filed this 10th day of February, 2005.