W. VINCENT MURPHY, DALE MURPHY AND JOHNYE MURPHY V. DOTTIE ANN MURPHY AND W. VINCENT MURPHY, JR., INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF FRANCES MARIE MURPHY 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-449-CV

W. VINCENT MURPHY, APPELLANTS

DALE MURPHY, AND 

JOHNYE MURPHY 

V.

DOTTIE ANN MURPHY AND APPELLEES

W. VINCENT MURPHY, JR., 

INDIVIDUALLY AND AS 

CO-EXECUTORS OF THE ESTATE 

OF FRANCES MARIE MURPHY 

------------

FROM THE 97
TH
 DISTRICT COURT OF ARCHER COUNTY

------------

NO. 2-03-027-CV

IN RE W. VINCENT MURPHY, RELATORS

DALE MURPHY, AND

JOHNYE MURPHY 

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

W. Vincent Murphy, Dale Murphy, and Johnye Murphy (collectively “Relators” or “Appellants”) bring both a petition for writ of mandamus and an interlocutory appeal challenging the trial court’s denial of their motion to compel arbitration.  We have consolidated these proceedings.
(footnote: 2)
 When it is unclear to parties whether the Federal Arbitration Act (“FAA”) or the Texas General Arbitration Act (“TAA”) governs their arbitration dispute, they must pursue parallel appellate proceedings because a dispute governed by the TAA must be brought on interlocutory appeal, but a dispute governed by the FAA must be raised by a petition for mandamus.
(footnote: 3)  The FAA governs “when the dispute concerns a ‘contract evidencing a transaction involving commerce.’”
(footnote: 4)  “Whether the parties contemplated that their transaction would substantially affect interstate commerce is irrelevant; if the transaction affects interstate commerce ‘in fact,’ the arbitration provision is governed by the FAA.”
(footnote: 5)  The agreement in this case contains a provision for selling two properties in Colorado.  The record shows that at least some of the litigants (and intended recipients) of the sales proceeds are Texas residents.  We therefore hold that the agreement affects interstate commerce.
(footnote: 6)  Consequently, the FAA applies.  Because we conclude that the FAA applies, we dismiss Appellants’ interlocutory appeal for want of jurisdiction.  

The court has also considered Relators’ petition for writ of mandamus and is of the opinion that relief should be denied.  Accordingly, Relators' petition for writ of mandamus is denied.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

LIVINGSTON, J. concurred without opinion.

DELIVERED:  February 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See In re Valero Energy Corp.
, 968 S.W.2d 916, 916-17 (Tex. 1998) (orig. proceeding) (“[T]he better course of action for a court of appeals confronted with an interlocutory appeal and a mandamus proceeding seeking to compel arbitration would be to consolidate the two proceedings and render a decision disposing of both simultaneously.”).

3:
Jack B. Anglin Co.
,
 Inc. v. Tipps
, 842 S.W.2d 266, 272-73 (Tex. 1992) (orig. proceeding); 9 U.S.C. § 16 (2001); 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 171.098 (Vernon Supp. 2004)
.

4:
Jack B. Anglin Co.
, 842 S.W.2d at 269-70 (citing 9 U.S.C. § 2).

5:
Palm Harbor Homes
,
 Inc. v. McCoy
, 944 S.W.2d 716, 719 (Tex. App.—Fort Worth 1997, orig. proceeding) (holding FAA governed dispute over mobile home manufactured, bought, and delivered in Texas because manufacturer was a Florida corporation insured by a New York corporation and because the components of the mobile home came from various states and countries) (citing 
Allied-Bruce Terminix Cos. v. Dobson
, 513 U.S. 265, 268-70, 276-78, 115 S. Ct. 834, 837, 841 (1995)); 
see BWI Cos. v. Beck
, 910 S.W.2d 620, 622-23 (Tex. App.—Austin 1995, orig. proceeding) (holding FAA governed arbitration agreement between employer and employee, even though employee worked and made deliveries only in Texas, because employer had facilities in Texas and other states); 
Lost Creek Mun. Util. Dist. v. Travis Indus. Painters
, 
Inc.
, 827 S.W.2d 103, 105 (Tex. App.—Austin 1992, writ denied) (holding
 FAA governed arbitration agreement between Texas residents concerning work performed in Texas because paint and epoxy were manufactured outside Texas and contractor's performance bond was issued by nonresident surety company); 
see also Jack B. Anglin
, 842 S.W.2d at 272.

6:
See In re L & L Kempwood Assocs.
,
 L.P.
, 9 S.W.3d 125, 127 (Tex. 1999) (holding that contract involved FAA when parties were from different states, even though the real estate itself was in Houston, Texas).