COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-449-CV

 
W. 
VINCENT MURPHY,                                                        APPELLANTS
DALE 
MURPHY, AND
JOHNYE 
MURPHY
 
V.
 
DOTTIE 
ANN MURPHY AND                                                    APPELLEES
W. 
VINCENT MURPHY, JR.,
INDIVIDUALLY 
AND AS
CO-EXECUTORS 
OF THE ESTATE
OF 
FRANCES MARIE MURPHY
 
------------
 
FROM 
THE 97TH DISTRICT COURT OF ARCHER COUNTY
 
------------
 
NO. 2-03-027-CV

 
IN 
RE W. VINCENT MURPHY,                                                   RELATORS
DALE 
MURPHY, AND
JOHNYE 
MURPHY
 
------------
 
ORIGINAL 
PROCEEDING
 
------------
MEMORANDUM OPINION[1]
 
------------
        W. 
Vincent Murphy, Dale Murphy, and Johnye Murphy (collectively “Relators” or 
“Appellants”) bring both a petition for writ of mandamus and an 
interlocutory appeal challenging the trial court’s denial of their motion to 
compel arbitration. We have consolidated these proceedings.[2]
        When 
it is unclear to parties whether the Federal Arbitration Act (“FAA”) or the 
Texas General Arbitration Act (“TAA”) governs their arbitration dispute, 
they must pursue parallel appellate proceedings because a dispute governed by 
the TAA must be brought on interlocutory appeal, but a dispute governed by the 
FAA must be raised by a petition for mandamus.[3]  
The FAA governs “when the dispute concerns a ‘contract evidencing a 
transaction involving commerce.’”[4] “Whether 
the parties contemplated that their transaction would substantially affect 
interstate commerce is irrelevant; if the transaction affects interstate 
commerce ‘in fact,’ the arbitration provision is governed by the FAA.”[5]  The agreement in this case contains a provision for 
selling two properties in Colorado. The record shows that at least some of the 
litigants (and intended recipients) of the sales proceeds are Texas residents. 
We therefore hold that the agreement affects interstate commerce.[6]  Consequently, the FAA applies. Because we conclude 
that the FAA applies, we dismiss Appellants’ interlocutory appeal for want of 
jurisdiction.
        The 
court has also considered Relators’ petition for writ of mandamus and is of 
the opinion that relief should be denied. Accordingly, Relators' petition for 
writ of mandamus is denied.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE

 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.
LIVINGSTON, 
J. concurred without opinion.
DELIVERED: 
February 12, 2004

 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See In re Valero Energy Corp., 968 S.W.2d 916, 916-17 (Tex. 1998) (orig. 
proceeding) (“[T]he better course of action for a court of appeals confronted 
with an interlocutory appeal and a mandamus proceeding seeking to compel 
arbitration would be to consolidate the two proceedings and render a decision 
disposing of both simultaneously.”).
3. 
Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272-73 (Tex. 
1992) (orig. proceeding); 9 U.S.C. § 16 (2001); Tex. Civ. Prac. Rem. Code Ann. § 171.098 (Vernon Supp. 2004).
4. 
Jack B. Anglin Co., 842 S.W.2d at 269-70 (citing 9 U.S.C. § 2).
5. 
Palm Harbor Homes, Inc. v. McCoy, 944 S.W.2d 716, 719 (Tex. 
App.—Fort Worth 1997, orig. proceeding) (holding FAA governed dispute over 
mobile home manufactured, bought, and delivered in Texas because manufacturer 
was a Florida corporation insured by a New York corporation and because the 
components of the mobile home came from various states and countries) (citing Allied-Bruce 
Terminix Cos. v. Dobson, 513 U.S. 265, 268-70, 276-78, 115 S. Ct. 834, 837, 
841 (1995)); see BWI Cos. v. Beck, 910 S.W.2d 620, 622-23 (Tex. 
App.—Austin 1995, orig. proceeding) (holding FAA governed arbitration 
agreement between employer and employee, even though employee worked and made 
deliveries only in Texas, because employer had facilities in Texas and other 
states); Lost Creek Mun. Util. Dist. v. Travis Indus. Painters, Inc., 
827 S.W.2d 103, 105 (Tex. App.—Austin 1992, writ denied) (holding FAA governed 
arbitration agreement between Texas residents concerning work performed in Texas 
because paint and epoxy were manufactured outside Texas and contractor's 
performance bond was issued by nonresident surety company); see also Jack B. 
Anglin, 842 S.W.2d at 272.
6. 
See In re L & L Kempwood Assocs., L.P., 9 S.W.3d 125, 127 (Tex. 1999) 
(holding that contract involved FAA when parties were from different states, 
even though the real estate itself was in Houston, Texas).