

# NUMBER 13-08-302-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**C.F. JORDAN COMMERCIAL, L.P.,**                                    **Appellant,**

**v.**

**DONNA I.S.D.,**                                                         **Appellee.**

---

On appeal from the 139th District Court of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Per Curiam Memorandum Opinion**

Appellant, C. F. Jordan Commercial L.P., attempted to perfect an appeal from an order entered by the 139th District Court of Hidalgo County, Texas, in cause number C-2567-03-C, which denied appellant's motion to compel arbitration and for dismissal or abatement of the suit pending arbitration. We dismiss the appeal for lack of jurisdiction.

The order subject to appeal was signed on January 11, 2007, but the notice of appeal was not filed until April 11, 2008. On May 16, 2008, the Clerk of this Court notified appellant that the appeal did not appear to have been timely filed so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3, 44.3. The Clerk notified appellant that the appeal would be dismissed if the defect was not corrected after the expiration of ten days from the date of receipt of this letter. *See id.* 42.3(a),(c). Appellant failed to correct this defect and did not otherwise respond to the Court's directive.

When a trial court denies a motion to compel based on the Texas General Arbitration Act, the motion is reviewed by interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (Vernon 2005).[1] Appeals from interlocutory orders are accelerated. TEX. R. APP. P. 28.1. To timely perfect an accelerated appeal, the notice of appeal must be filed within twenty days after the order is signed. *See id.* 26.1(b), 28.1; *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005).

The times for filing a notice of appeal are jurisdictional, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal. *See* TEX. R. APP. P. 2, 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that once extension period has passed, a party can no longer invoke an appellate court's jurisdiction). In the instant case, the notice of appeal was not filed until fifteen months after the order subject to appeal was signed.

---

[1] C.F. Jordan Commercial, L.P. also filed a petition for writ of mandamus regarding the order denying arbitration under the Federal Arbitration Act. *See In re C.F. Jordan Commercial, L.P.*, No. 13-08-00372-CV, 2008 Tex. App. LEXIS ___ (Tex. App.–Corpus Christi June __, 2008, orig. proceeding). This Court typically consolidates parallel proceedings in arbitration matters. *See In re Valero Energy Corp.*, 968 S.W.2d 916, 916-17 (Tex. 1998) (explaining that when a court of appeals is confronted with an interlocutory appeal and a mandamus proceeding seeking to compel arbitration that the better course of action is to consolidate the two proceedings and render a decision that disposes of both simultaneously). However, we have chosen not to do so in the instant case because of the differing procedural postures of these matters.

The Court, having examined and fully considered the documents on file and appellant's failure to respond to this Court's notice or to timely perfect its appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* Tex. R. App. P. 42.3(a),(c).

PER CURIAM

Memorandum Opinion delivered and
filed this 20th day of June, 2008.