ACCEPTED
01-15-00353-CV & 01-15-00356-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/20/2015 8:26:00 PM
CHRISTOPHER PRINE
CLERK

FIRST COURT OF APPEALS

HOUSTON, TEXAS

RE: Case No. 01-15-00353-CV

RE: Case No. 01-15-00356-CV

IN RE JOSEPH ANDRE DAVIS

APPELLANT

V.

FLOYD D LOPEZ

APPELLE

From cause No. 2014-58410

In the 245th District Court of

Harris County, Texas

The Honorable Roy L. Moore

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/21/2015 8:16:09 AM

CHRISTOPHER A. PRINE
Clerk

## JUDICIAL NOTICE Under Federal Rule of Evidence 201

Appellants respectfully assert that the Court has overlooked or misapprehended critical facts. There is nor have there ever been an appeal filed against the appellate Sandra Lopez who has been deceased since May 24, 2014.

Case #1997-09681 is a case that was filed by Floyd D Lopez and Irma O Jimenez who are the maternal grandparents.

On June 28, 2014 under Texas Family Code 156. the maternal claiming to intervene in case #1997-09681 after the death of Sandra Lopez who was a joint managing conservator and deceased at the time the grandparents filed their petition in Sandra's

name. I have also submitted evidence that 245ᵗʰ district court no longer had jurisdiction as of May 30, 2015 in my writ of mandamus case # 01-15-00408-CV.

MAY 01, 2015 I filed an appeal which was a Wirt of Mandamus. I have paid the fee for both and presented all documents for both writs that are against the 245ᵗʰ district court and the maternal grandparents and never against Sandra Lopez.

Moreover, "[m]andamus is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal, as when a party is erroneously denied its contracted-for arbitration rights under the FAA." *In re D. Wilson*,196 S.W.3d at 780 (internal citation omitted); *see also Jack B. Anglin*,842 S.W.2d at 272-73 (awarding mandamus relief where a party "would be deprived of the benefits of the arbitration clause it contracted for, and the purpose of providing a rapid, inexpensive alternative to traditional litigation would be defeated").

Perez argues mandamus review is inappropriate because CMH Homes failed to file a separate mandamus petition and, citing *Jack B. Anglin*, contends that the court "may not enlarge [its] appellate jurisdiction absent legislative mandate." 842 S.W.2d at 272. However, CMH Homes invoked the court of appeals' appellate jurisdiction by specifically requesting that its appeal be treated as a mandamus petition. *See Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) ("[T]he factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument was filed in a bona fide attempt to invoke *453453 appellate court jurisdiction." (internal quotations and citations omitted)); *see also Linwood v. NCNB Tex.*,885 S.W.2d 102, 103(Tex. 1994) ("The court of appeals . . . has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the appellate

court's jurisdiction."); *Grand Prairie Indep. Sch. Dist. v. S. Parts Imps.*, 813 S.W.2d 499, 500 (Tex. 1991) ("If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to **amend or refile** the instrument required by law or our Rules to perfect the appeal").

On May 01, 2015 I filed a writ of mandamus under in the first court of appeals and I informed the First Court of Appeals of the 2 writs of mandamus that I had filed with this court. I was informed of 2 option that I had with the first court of appeals to dismiss my appeal the first option was to file a motion to dismiss or second option was that it will dismiss it self if payment was not received within 20 days.

Texas policy as "'embodied in our appellate rules . . . disfavors disposing of appeals based upon harmless procedural defects.'" *Higgins v. Randall Cnty. Sherifs Office*,257 S.W.3d 684, 688 (Tex. 2008) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997)); *see also*TEX. R.APP. P. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). This Court has previously treated a petition for review as a petition for writ of mandamus where the appellant/relator specifically sought mandamus relief. *Powell v. Stover*, 165 S.W.3d 322, 324 n. 1 (Tex. 2005). **And it is our practice when confronted with parallel mandamus and appeal proceedings "to consolidate the two proceedings and render a decision disposing of both simultaneously."** *In re Valero Energy Corp.*, 968 S.W.2d 916, 917 (Tex. 1998).

Moreover, nothing in the procedures for interlocutory appeals and mandamus actions prevents us from treating this appeal as a petition for writ of mandamus. Appeals from interlocutory orders are accelerated, and an accelerated appeal is perfected by filing a notice of appeal within twenty days of the order. *See* TEX. R.APP. P. 26.1(b). Because mandamus is "controlled largely by equitable principles," there is no fixed deadline for filing original proceedings in the Texas Rules of Appellate Procedure. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (citations omitted). An appeal complying with the rules governing an accelerated appeal would generally be timely for mandamus purposes. Additionally, briefs in mandamus actions and interlocutory appeals have the same content and page length requirements. *Compare* TEX.R.APP. P. 38.1, .4 (stating contents of brief and page length requirement for appeal to the courts of appeals), *with*, TEX.R.APP. P. 52.3, .6 (stating contents of brief and page length requirement for original proceedings at the Supreme Court and courts of appeals). "[T]he interests of promoting the policy considerations of rigorous and expedited enforcement of arbitration agreements" would not be served by letting a technicality rule the day.[8] *Jack R. Anglin*, 842 S.W.2d at 272.

8.

Although we note that CMH Homes's petition was not certified at this Court as required by Texas Rule of Appellate Procedure 52.3(j), we are confident that CMH Homes will fully comply with Rule 52 on remand to the court of appeals.

We will not unnecessarily waste the parties' time and further judicial resources by requiring CMH Homes to file a separate document with the title "petition for writ of mandamus" listed on the cover where the party has expressly requested mandamus treatment of its appeal in an uncertain legal environment. *See Wagner Brown, Ltd. v. Horwood*, 53 S.W.3d 347, 351 (Tex. 2001) (rejecting an "approach [that] catapults form over substance to deny appellate review on the merits"). *454454 Because CMH Homes

specifically requested mandamus relief in the court of appeals and preserved that issue in this Court, and because judicial efficiency **militates against requiring CMH Homes to file a separate original proceeding, we instruct the court of appeals to consider this appeal as a petition for writ of mandamus**. Today, we speak only to the propriety of mandamus *review* and not to the propriety of mandamus *relief* in this particular case. Because the merits were not briefed to this Court, we do not decide whether the trial judge improperly appointed an arbitrator.

# Conclusion

We hold that Texas Civil Practice and Remedies Code section 51.016 does not permit interlocutory appeal from an order appointing an arbitrator. However, this appeal may properly be considered as a petition for writ of mandamus, as CMH Homes requested. The court of appeals erred in dismissing CMH Homes's appeal for lack of jurisdiction. Accordingly, we reverse and remand to the court of appeals for further proceedings consistent with this opinion.

I declare under the penalty of perjury of the laws of the State of Texas that the foregoing is true and correct. Signed this 20th day of August 20, 2015, at Spring, Texas.

/s/ *Joseph A Davis*

Joseph Andre Davis, Pro Se

3714 Pinebrook Hollow Ln.

Spring, Texas 77386

Tel: (832)660-7207

Jdavis1103@hotmail.com

**CERTIFICATION OF SERVICE**

I certify that a true copy of the above was served on Respondents Floyd

Daniel Lopez and Irma Olga Jimenez's Counsel Norman Eugene Lester Jr,

by E-Mail: HouTxLawyer@aol.com  and served by E-File to 245th District

Judge Roy L. Moore and Associate Judge James Cooper in accordance with

the Texas Rules of Civil Procedure on August 20, 2015

8/20/2015

/s/  *Joseph A Davis*

JOSEPH ANDRE DAVIS, PRO SE


 I, /s/ *Joseph A Davis* certify that I have reviewed the petition and concluded

that every factual statement in the petition is supported by competent evidence
included in the appendix or record.

# APPENDIX A

<span style="color:red">**FILE COPY**</span>



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

Friday, May 01, 2015

RE:  Case No. 01-15-00408-CV

Style:  In re Joseph Andre Davis


Please be advised that on this date the court filed relator's petition for writ of mandamus in the above cause.

T. C. Case # 2014-58410                    Christopher A. Prine, Clerk of the Court
_____

Norman Eugene Lester Jr.
501 Elm St Ste 395
Dallas, TX  75202-3324



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

Friday, May 01, 2015

RE:  Case No. 01-15-00408-CV

Style:  In re Joseph Andre Davis


Please be advised that on this date the court filed relator's petition for writ of mandamus in the above cause.

T. C. Case # 2014-58410                    Christopher A. Prine, Clerk of the Court
_____

Norman Eugene Lester Jr.
501 Elm St Ste 395
Dallas, TX  75202-3324
***DELIVERED VIA E-MAIL***

 **FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

Friday, May 01, 2015

RE:  Case No. 01-15-00408-CV

Style:  In re Joseph Andre Davis

Please be advised that on this date the court filed relator's petition for writ of mandamus in the above cause.

T. C. Case # 2014-58410                Christopher A. Prine, Clerk of the Court

Joseph  Andre  Davis
3323 Rose Trace Dr.
Spring, TX  77386

 **FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

Friday, May 01, 2015

RE:  Case No. 01-15-00408-CV

Style:  In re Joseph Andre Davis

Please be advised that on this date the court filed relator's petition for writ of mandamus in the above cause.

T. C. Case # 2014-58410                Christopher A. Prine, Clerk of the Court

Joseph  Andre  Davis
3323 Rose Trace Dr.
Spring, TX  77386
***DELIVERED VIA E-MAIL***

FILE COPY



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

Friday, May 01, 2015

RE:  Case No. 01-15-00408-CV

Style:  In re Joseph Andre Davis


    Please be advised that on this date the court filed relator's petition for writ of mandamus in the above cause.

T. C. Case # 2014-58410                Christopher A. Prine, Clerk of the Court

                        Judge  245th District Court
                        201 Caroline
                        15th Floor
                        Houston, TX  77002
                        *DELIVERED VIA E-MAIL*



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

May 12, 2015

RE: Case No. 01-15-00353-CV

Style: Joseph Andre Davis
   v. Sandra Lopez

The case was filed in this Court on April 21, 2015. To date, our records show that **Appellant** has neither established indigence nor paid the $195 appellate filing fee. *See* TEX. R. APP.P.5.

Unless appellant pays the appellate filing fee on or before June 11, 2015, the Court may dismiss the appeal. *See* TEX. R. APP. P. 42.3

T. C. Case # 1997-09681     Christopher A. Prine, Clerk of the Court, Clerk

Sandra    Lopez
23918 Spring Towne Dr.
Spring, TX  77373-6362



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

May 12, 2015

RE: Case No. 01-15-00353-CV

Style: Joseph Andre Davis
   v. Sandra Lopez

The case was filed in this Court on April 21, 2015. To date, our records show that **Appellant** has neither established indigence nor paid the $195 appellate filing fee. *See* TEX. R. APP.P.5.

Unless appellant pays the appellate filing fee on or before June 11, 2015, the Court may dismiss the appeal. *See* TEX. R. APP. P. 42.3

T. C. Case # 1997-09681     Christopher A. Prine, Clerk of the Court, Clerk

Joseph  Andre Davis
3323 Rose Trace Dr
Spring, TX  77386
***DELIVERED VIA E-MAIL***

FILE COPY

 **FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

May 06, 2015

RE:   Case No. 01-15-00353-CV

Style:  Joseph  Andre  Davis
   v.  Sandra  Lopez

     The clerk's record in this appeal has not been timely filed with this court. The court requests that the record be filed within 30 days  of the date of this letter.  If the record is not filed by that date, I will refer the matter to the court.  If you are unable to file the record by that date, you should request an extension for the court to consider.  If the appellant has not made arrangements for paying for the record, please advise the court in writing.  See Tex. R. App. P. 35.3(a)(2)and (b)(3).

T. C. Case # 1997-09681                    Christopher A. Prine, Clerk of the Court

Sandra   Lopez
23918 Spring Towne Dr.
Spring, TX  77373-6362

 **FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

May 06, 2015

RE:   Case No. 01-15-00353-CV

Style:  Joseph  Andre  Davis
   v.  Sandra  Lopez

     The clerk's record in this appeal has not been timely filed with this court. The court requests that the record be filed within 30 days  of the date of this letter.  If the record is not filed by that date, I will refer the matter to the court.  If you are unable to file the record by that date, you should request an extension for the court to consider.  If the appellant has not made arrangements for paying for the record, please advise the court in writing.  See Tex. R. App. P. 35.3(a)(2)and (b)(3).

T. C. Case # 1997-09681                    Christopher A. Prine, Clerk of the Court

The Honorable Harris County  District Clerk's Office -
 Civil
Harris County District Clerk - Civil
201 Caroline, Ste 420
Houston, TX  77002***DELIVERED VIA E-MAIL***

FILE COPY

 **FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

May 06, 2015

RE:   Case No. 01-15-00353-CV

Style:  Joseph  Andre Davis
   v.  Sandra  Lopez

     The clerk's record in this appeal has not been timely filed with this court. The court requests that the record be filed within 30 days  of the date of this letter.  If the record is not filed by that date, I will refer the matter to the court.  If you are unable to file the record by that date, you should request an extension for the court to consider.  If the appellant has not made arrangements for paying for the record, please advise the court in writing.  See Tex. R. App. P. 35.3(a)(2)and (b)(3).

T. C. Case # 1997-09681                    Christopher A. Prine, Clerk of the Court

---

The Honorable Harris County  District Clerk's Office -
 Civil
Harris County District Clerk - Civil
201 Caroline, Ste 420
Houston, TX  77002
*DELIVERED VIA E-MAIL*

 **FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

May 06, 2015

RE:   Case No. 01-15-00353-CV

Style:  Joseph  Andre Davis
   v.  Sandra  Lopez

     The clerk's record in this appeal has not been timely filed with this court. The court requests that the record be filed within 30 days  of the date of this letter.  If the record is not filed by that date, I will refer the matter to the court.  If you are unable to file the record by that date, you should request an extension for the court to consider.  If the appellant has not made arrangements for paying for the record, please advise the court in writing.  See Tex. R. App. P. 35.3(a)(2)and (b)(3).

T. C. Case # 1997-09681                    Christopher A. Prine, Clerk of the Court

---

Judge  245th District Court
201 Caroline
15th Floor
Houston, TX  77002*DELIVERED VIA E-MAIL*



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

May 06, 2015

RE:   Case No. 01-15-00353-CV

Style:  Joseph  Andre Davis
    v.  Sandra  Lopez

     The clerk's record in this appeal has not been timely filed with this court. The court requests that the record be filed within 30 days  of the date of this letter.  If the record is not filed by that date, I will refer the matter to the court.  If you are unable to file the record by that date, you should request an extension for the court to consider.  If the appellant has not made arrangements for paying for the record, please advise the court in writing.  See Tex. R. App. P. 35.3(a)(2)and (b)(3).

T. C. Case # 1997-09681                Christopher A. Prine, Clerk of the Court

                    Court Reporter  245th District Court
                    201 Caroline, 15th Floor
                    Houston, TX  77002
                    *DELIVERED VIA E-MAIL*



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

May 06, 2015

RE:   Case No. 01-15-00353-CV

Style:  Joseph  Andre Davis
    v.  Sandra  Lopez

     The clerk's record in this appeal has not been timely filed with this court. The court requests that the record be filed within 30 days  of the date of this letter.  If the record is not filed by that date, I will refer the matter to the court.  If you are unable to file the record by that date, you should request an extension for the court to consider.  If the appellant has not made arrangements for paying for the record, please advise the court in writing.  See Tex. R. App. P. 35.3(a)(2)and (b)(3).

T. C. Case # 1997-09681                Christopher A. Prine, Clerk of the Court

                    Joseph  Andre Davis
                    3323 Rose Trace Dr
                    Spring, TX  77386*DELIVERED VIA E-MAIL*

FILE COPY



SHERRY RADACK
CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
RUSSELL LLOYD
    JUSTICES

CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
CHIEF STAFF ATTORNEY

PHONE: 713-274-2700
FAX:    713-755-8131

www.txcourts.gov/1stcoa.aspx

# Court of Appeals
# First District
## 301 Fannin Street
## Houston, Texas 77002-2066

May 6, 2015

Court Reporter 245th District Court
201 Caroline, 15th Floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

RE:    **Court of Appeals Number:** 01-15-00353-CV    **Trial Court Case Number:** 1997-09681

**Style:** Joseph  Andre Davis v. Sandra  Lopez

Dear Reporter:

The reporter's record was due to be filed May 4, 2015, but it has not been received for filing. *See* TEX. R. APP. P. 35.1. Please file the reporter's record within 30 days of the date of this notice. *See* TEX. R. APP. P. 37.3(a)(1).

Or, you may use the information sheet on the Forms page of the Court's website, http://www.txcourts.gov/1stcoa, to notify my office that: (1) proceedings were not recorded; (2) no party has requested a reporter's record; (3) the party responsible for paying for preparation of the reporter's record has not paid the reporter's fee or has not made satisfactory arrangements to pay the fee and, is not entitled to appeal without paying the fee, i.e., the party is not indigent. *See* TEX. R. APP. P. 35.3 (b).

If either the reporter's record or a request for an extension of time is not filed by the due date, this matter will be referred to the Court so it can make whatever order is appropriate to avoid further delay and to preserve the parties' rights. *See* TEX. R. APP. P. 37.3(a)(1).

Sincerely,

Christopher A. Prine, Clerk of the Court

By Noemi E. Hernandez, Deputy Clerk

FILE COPY

cc:    Joseph  Andre Davis (DELIVERED VIA E-MAIL)
Sandra  Lopez
Judge 245th District Court (DELIVERED VIA E-MAIL)
The  Honorable  Harris  County  District  Clerk's  Office  -  Civil  (DELIVERED  VIA  E-MAIL)



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-15-00353-CV

JOSEPH ANDRE DAVIS, Appellant

V.

SANDRA LOPEZ, Appellee

Appeal from 245th District Court of Harris County (Tr. Ct. No. 1997-09681)

Appellant, Joseph Andre Davis, has neither established indigence nor paid, or made arrangements to pay, all the required fees. Further, appellant has not paid or made arrangements to pay the fee for preparing the clerk's record. After being notified that this appeal was subject to dismissal, appellant did not adequately respond. It is therefore **CONSIDERED**, **ADJUDGED**, and **ORDERED** that the appeal be dismissed.

It is further **ORDERED** that appellant pay all costs incurred by reason of this appeal. It is further **ORDERED** that this decision be certified below for observance.

Judgment rendered August 20, 2015.

Judgment rendered by panel consisting of Justices Keyes, Massengale, and Lloyd.

**Opinion issued July 28, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00414-CV

———————————

## IN RE JOSEPH ANDRE DAVIS, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Joseph Andre Davis, acting pro se, has filed a petition for writ of mandamus regarding an underlying suit affecting the parent-child relationship.[*] We **deny** the petition.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

---

[*]   The underlying case is *In the Interest of J.A.D., a Child*, cause number 1997-09681 in the 245th District Court of Harris County, Texas, the Honorable Roy L. Moore presiding.