

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00399-CV

**IN RE** Richard A. **GARCIA**

Original Mandamus Proceeding[1]

Opinion by:      Beth Watkins, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Irene Rios, Justice
                 Beth Watkins, Justice

Delivered and Filed: September 14, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relator Richard Garcia challenges a trial court order that: (1) held him in contempt for failing to pay one-half of the medical insurance premiums for his minor child; and (2) required him to pay $10,485 in attorney's fees. Richard filed an emergency motion to stay the contempt order, which we granted, and we invited responses from the trial court and real party in interest, Elizabeth Ranft-Garcia. In her response, Elizabeth conceded that Richard should not have been held in contempt. Finding the contempt orders to be an abuse of discretion for which Richard lacks an adequate remedy by appeal, we conditionally grant the petition.

---

[1] This proceeding arises out of Cause No. 2017-CI-12755, styled *Elizabeth J. Ranft-Garcia v. Richard A. Garcia*, pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable John D. Gabriel Jr. presiding.

## THE CONTEMPT TERM

In his first issues, Richard complains of the terms in the trial court's order finding him in contempt. He argues, essentially, that a party cannot be held in contempt for failing to take an action no court has ordered him to perform, and that no court had ordered him to pay one-half of his minor child's health care insurance premiums. In her response, Elizabeth agrees "that there should not be a contempt finding in the order made subject of this mandamus."

Contempt is a broad and inherent power of a court to address "disobedience to or disrespect of a court by acting in opposition to its authority. . . ." *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding) (citations omitted). "But, despite the breadth of a court's contempt power . . . it is a tool that should be exercised with caution." *Id*. Contempt orders are presumed valid with the burden on the contemnor to show otherwise. *See Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) (citing *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938)).

Here, Richard did not disobey or disrespect the trial court's authority. *See Reece*, 341 S.W.3d at 364. Neither the parties' divorce decree nor the agreement incorporated into the divorce decree required Richard to pay one-half of the medical insurance premiums for his minor child. Additionally, the record does not show that Richard acted, or failed to act, in a manner that would warrant a finding of contempt. *See id.* at 365–66. Therefore, we conclude the trial court abused its discretion by holding Richard in contempt. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) (citation omitted).

Next, we examine whether Richard has an adequate remedy by appeal. *See Reece*, 341 S.W.3d at 364. Decisions in contempt proceedings cannot be reviewed on direct appeal. *See, e.g., Cline v. Cline*, 557 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2018, no pet.). A contempt judgment must be reviewed through either a petition for writ of habeas corpus if the contemnor is

confined, or a petition for writ of mandamus if the contemnor is not confined. *See id*. This is true even if the contempt order appears to be final or the contemnor alleges the order is void. *See Chavira v. Quarry Hills Mgmt., LLC*, 458 S.W.3d 561, 566 (Tex. App.—El Paso 2014, pet. denied); *Cadle Co. v. Lobinger*, 50 S.W.3d 662, 672 (Tex. App.—Fort Worth 2001, pet. denied). Because we could not review Richard's contempt arguments on direct appeal, we conclude he lacks an adequate remedy by appeal. *See In re Zarate*, 2019 WL 1139855, at *1 (Tex. App.—San Antonio Mar. 13, 2019, orig. proceeding) ("When, as here, the contempt order does not involve confinement, the only possible relief is a writ of mandamus.").

We therefore conditionally grant mandamus relief on Richard's first issue.

### THE ATTORNEY'S FEE TERM

In his final issue, Richard argues the attorney's fee award against him should be set aside since it was based, at least in part, on the trial court's erroneous finding of contempt. In response, Elizabeth argues that Richard has an adequate remedy by direct appeal of the attorney's fee term.

This court has jurisdiction to address non-contempt money judgments on direct appeal. *In re R.H.B.*, --S.W.3d --, Nos. 04-21-00038-CV & 04-21-00339-CV, 2022 WL 946640, at *4 (Tex. App.—San Antonio Mar. 30, 2022, no pet.) (recognizing this court's jurisdiction to review, on direct appeal, attorney's fee award issued as non-contempt money judgment and not as contempt sanction). Here, Elizabeth's motion requested attorney's fees for Richard's alleged contempt as well as for his alleged breach of contract. The trial court found that Richard committed nine contempt violations, twenty non-contempt violations, and five breaches of contract. However, it also found that Richard did not commit four of the violations Elizabeth alleged—three because he actually paid the amount Elizabeth alleged he had not, and one because the term required clarification. The trial court declined Richard's request for Elizabeth to itemize her attorney's fees.

The contempt order assessed attorney's fees as a money judgment, not a contempt sanction. It appears, therefore, that the trial court found the attorney's fees to be a debt, and not child support. *See, e.g.*, TEX. FAM. CODE ANN. § 157.167(a). To the extent, however, that any amount of attorney's fees relate to the contempt findings, we vacate those amounts. *See In re R.H.B.*, 2022 WL 946640, at *4. We grant this relief without prejudice to the parties' rights to challenge any remaining amount of attorney's fees that do not relate to the contempt findings in their pending direct appeal. *See In re Valero Energy Corp.*, 968 S.W.2d 916 (Tex. 1998) (orig. proceeding) (per curiam) (denying motion for leave to file a mandamus petition without prejudice where an interlocutory appeal was pending on the same issue).

## ELIZABETH'S REQUEST FOR ATTORNEY'S FEES

Finally, in her response, Elizabeth requested $2,925 in attorney's fees "for reviewing and responding to the petition for mandamus. . . ." The Texas Rules of Appellate Procedure require parties to include, in their arguments, "appropriate citations to authorities. . . ." TEX. R. APP. P. 52.3(h). Here, Elizabeth has not identified any authority that would authorize such an award. *See id.* We therefore deny Elizabeth's request for an award of appellate attorney's fees. *See id.*

## CONCLUSION

We conditionally grant the petition for writ of mandamus. We direct the trial court to, no later than fifteen days from the date of this opinion, vacate the contempt terms in its June 7, 2022 Enforcement Order. We further direct the trial court to vacate any amount of attorney's fees that relates to the now-vacated contempt findings. Finally, we deny Elizabeth's request for an award of appellate attorney's fees.

We are confident the trial court will promptly comply; our writ will issue only if it does not.

Beth Watkins, Justice